**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4531**

_____

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

OTIS M. DRAYTON, JR.,

 Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:13-cr-00251-PWG-1)

_____

Submitted: December 30, 2014        Decided: January 6, 2015

_____

Before WILKINSON and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Greenbelt, Maryland; Stephen A. Fogdall, SCHNADER HARRISON SEGAL & LEWIS LLP, Philadelphia, Pennsylvania, for Appellant. Rod J. Rosenstein, United States Attorney, Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Otis M. Drayton, Jr., was convicted by a magistrate judge of driving under the influence of alcohol and PCP, possession of a controlled substance, and unsafe operation of a motor vehicle. He was sentenced to eighteen months of probation. Drayton appealed his convictions to the district court, which affirmed the criminal judgment. He now appeals to this court. We affirm.

Under Fed. R. Crim. P. 58(g)(2)(D), a district court reviewing a bench trial before a magistrate judge "utilizes the same standards of review applied by a court of appeals in assessing a district court conviction." United States v. Bursey, 416 F.3d 301, 305 (4th Cir. 2005). In turn, "our review of a magistrate court's trial record is governed by the same standards as was the district court's appellate review." Id. at 305-306.

The chief issue before us pertains to the testimony of John Zarwell, a forensic toxicologist who testified about test results performed on Drayton's blood. Zarwell testified that: the tests were performed using calibrated instruments; laboratory technicians who conducted the tests made no conclusions as a result of the tests, but instead printed or typed the raw data generated by the instruments and submitted the data to a toxicologist for analysis; and, based on his

2

review of the raw data, Drayton's blood contained .04 grams of alcohol per 100 milliliters of blood and .01 milligrams of PCP per liter of blood.

Drayton claims that Zarwell's testimony violated the Confrontation Clause, U.S. Const. amend. VI, because he did not have the opportunity to cross-examine the technicians who performed the tests on his blood. We review a Confrontation Clause objection to the admissibility of evidence de novo. United States v. Summers, 666 F.3d 192, 197 (4th Cir. 2011).

Having reviewed the appellate record and the parties' briefs, we conclude that this case is controlled by our decisions in Summers and United State v. Washington, 498 F.3d 225 (4th Cir. 2007). The raw data generated by the laboratory instruments were not testimony by the technicians who ran the tests. Nor did the data constitute hearsay statements as contemplated by the Confrontation Clause because "nothing said by a machine is hearsay." See id. at 230-31 (internal quotation marks omitted). Because the raw data generated by laboratory instruments are not testimonial hearsay statements, Zarwell's expert testimony using those data did not violate the Confrontation Clause.

Drayton also contends that Zarwell's testimony was admitted in violation of Fed. R. Evid. 602, 703 and 901(b)(9). Because he did not raise this objection at trial, our review is

3

for plain error.  See United States v. Bernard, 708 F.3d 583, 588 (4th Cir.), cert. denied, 134 S. Ct. 617 (2013).  The record discloses no such error.

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED